# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

James Bland,

 Petitioner

v.

Isidro Baca, et al.,

 Respondents

Case No.: 2:17-cv-03113-JAD-GWF

**Order**

[ECF Nos. 2, 9]

 Pro se petitioner James Bland is an inmate at the Northern Nevada Correctional Center who is serving an aggregate sentence of 24–60 years after he was found guilty of battery and strangulation.[1] He now petitions for a writ of habeas corpus,[2] applies to proceed *in forma pauperis*, and requests appointed counsel.[3] After reviewing Bland's financial documents, I find that he is unable to pay the filing fee. So, I grant his application to proceed *in forma pauperis*.

 And after reviewing Bland's petition under Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts, I find that the stated grounds for relief are too vague to screen. "Rule 2(c) of the Rules Governing Habeas Corpus Cases requires a more detailed statement. The habeas rule instructs the petitioner to 'specify all the grounds for relief available to [him]' and to 'state the facts supporting each ground.'"[4] Bland provides no facts to support his allegations. Ground 1 is a confusing recitation of seemingly unrelated legal standards without any supporting factual allegations.

 Ground 2 has a statement that counsel could not develop the record without a required hearing, but Bland does not allege what record his counsel should have developed or what type

---

[1] ECF No. 1 at 2; NEV. DEP'T OF CORR. (May 8, 2018) http://doc.nv.gov/Inmates/Home/ (inmate search by name James Bland or by offender ID 1065483).

[2] ECF No. 1.

[3] ECF No. 9.

[4] *Mayle v. Felix*, 545 U.S. 644, 649 (2005).

1

of hearing should have occurred. Bland also states in ground 2 that his sentences exceed the statutory maxima; I have reviewed his sentences, and they don't.[5]

Finally, ground 3 is a vague claim that "[t]he amended information is excessive," that his sentence is disproportionate to the aggravating circumstances, that his sentences should run concurrently, and that his counsel was ineffective for failing to raise those arguments at the sentencing hearing.[6] But there are no facts to support any of these grounds. Bland does not indicate how the amended information was excessive, he does not explain what the aggravating circumstances were, and he does not show how the sentence was disproportionate in light of those circumstances. So, I give Bland leave to amend his petition if he can allege true facts to cure the deficiencies that I have identified. There also appears to be an issue of timeliness with Bland's filing, but I will address that problem after he files an amended petition.

Also pending is Bland's motion for appointment of counsel.[7] There is no constitutional right to counsel in federal habeas proceedings.[8] Whenever the court determines that the interests of justice so require, counsel may be appointed to any financially eligible person who is seeking habeas corpus relief.[9] "[T]he district court must evaluate the likelihood of success on the merits as well as the ability of the petitioner to articulate his claims pro se in light of the complexity of the legal issues involved."[10] At this point, Bland's claims are vague and not supported by any factual allegations, so I cannot evaluate his likelihood of success on their merits or determine whether he can fairly articulate his claims. I therefore deny Bland's motion without prejudice to his ability to file a new motion after he files an amended petition.

---

[5] *See* ECF No. 1 at 19.

[6] *Id.* at 17.

[7] ECF No. 9.

[8] *McCleskey v. Zant*, 499 U.S. 467, 495 (1991).

[9] 18 U.S.C. § 3006A(a)(2)(B).

[10] *Weygandt v. Look*, 718 F.2d 952 (9th Cir. 1983).

Accordingly, **IT IS HEREBY ORDERED** that Bland's application to proceed *in forma pauperis* **[ECF No. 2] is GRANTED**. Bland does not have to pay the $5.00 filing fee.

**IT IS FURTHER ORDERED** that Bland's motion for appointment of counsel **[ECF No. 9] is DENIED without prejudice** to his ability to renew it after he files an amended habeas petition.

**IT IS FURTHER ORDERED** that Bland has **until July 9, 2018, to file an amended petition** if he can allege true facts to cure the deficiencies that I have identified in this order. Neither this deadline nor any extensions of it may be construed as an implied finding that Bland's petition is timely. I reserve the issue of timeliness—including any bases of tolling the limitation period—of Bland's petition for a later time. Bland remains responsible at all times for calculating the federal limitation period under 28 U.S.C. § 2244(d)(1). **If Bland fails to file an amended petition by July 9, 2018, this action will be dismissed without further prior notice**.

**IT IS FURTHER ORDERED** that Bland **must clearly title the amended petition by placing the word "AMENDED" above "Petition for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254"** on page 1 in the caption, and Bland **must write the case number 2:17-cv-03113-JAD-GWF above the word "AMENDED."**

The **Clerk of Court** is directed to **SEND to Bland** a form petition for a writ of habeas corpus under 28 U.S.C. § 2254 along with instructions for completing it.

The **Clerk of Court** is also directed to **ADD Adam Paul Laxalt**, Attorney General for the State of Nevada, as counsel for respondents and **electronically SERVE** the respondents with a copy of the original petition and this order.

**IT IS FURTHER ORDERED** that respondents **have until May 29, 2018,** to enter a notice of appearance, but no further response is required unless otherwise ordered by this court.

Dated: May 9, 2018

_____
U.S. District Judge Jennifer A. Dorsey